*Northern District*

## No. 8381

# GENERAL FOODS CORPORATION

### v.

# ANGELO C. ROBERTO

Argued: Oct. 23, 1975. Decided: Dec. 23, 1975.

Case tried to *Dewey, J.,* in the First District Court of Eastern Middlesex (Malden). No.: 104 of 1974.

Present: Flaschner, P. J., Cimini, J., Flynn, J.

**Flynn, J.** This is an action of contract to recover $1,957.96 paid by the plaintiff to the defendant for a period of alleged non-job-related sickness or disability under the plaintiff's Non-Occupational Accident and Sickness Disability Plan for Hourly Employees.

The plaintiff's declaration alleges that the defendant was paid sick leave benefits from August 2, 1971 to December 13, 1971 and the defendant entered into a Lump Sum Agreement pursuant to this claim in the amount of $12,500.00 and received same.

The plaintiff further alleges that the defendant alleged in his Workmen's Compensation claim that the disability he had incurred was an occupational sickness or injury which had arisen out of and in the course of his employment by the plaintiff and that the defendant was unjustly enriched at the plaintiff's expense to the extent of $1,957.96.

The plaintiff further alleges in its second count that the defendant had received monies of the plaintiff in the amount of $1,957.96.

The defendant's answer was a general denial, allegation of full performance, lack of consideration, full discharge, estoppel, mutual mistake, novation and the following allegation:

> "And further answering, the defendant says that the plaintiff denies that the defendant's injury was an occupational sickness or injury which arose out of the course of his employment and that as

a result the defendant entered a lump sum agreement as an adjustment of his workmen's compensation claim and that said adjustment or lump sum agreement is not in acceptance of workmen's compensation benefits nor adjudication that the defendant was entitled to workmen's compensation benefits and as a result thereof, the defendant owes the plaintiff nothing."

The trial justice found for the plaintiff on both counts with but one satisfaction.

Copies of the plaintiff's Non-Occupational Accident and Sickness Disability Plan for Hourly Employees, Division of Industrial Accident Lump Sum Agreement between the defendant and the plaintiff's Workmen's Compensation Insurance carrier, the defendant's claim under G.L. c. 152 for Workmen's Compensation on a form of the Division of Industrial Accidents, and a 1948 letter from the Veterans Administration concerning a service connected nervous condition of the defendant were all received into evidence and attached to and incorporated into the justice's report.

At the trial there was evidence tending to show: The defendant had been employed by the plaintiff at its Woburn plant beginning in 1950 and most recently as a second cook. On April 27, 1971, while inside a big kettle someone turned on a steam hose and the defendant was burned on the ankles, was placed on Workmen's Compensation, and was out of work until May 17, 1971 when he resumed his employed. He then continued working until August 1, 1971 when he informed the plaintiff's personnel department that he could no longer continue working as a result of a *nervous condition.* He thereafter received benefits totalling $1,957.96 from the plaintiff under the plaintiff's Non-Occupational Accident and Sickness Plan for Hourly Employees, which benefits were provided for entirely at the plaintiff's expense.

There was also evidence tending to show that the defendant had been on active duty in World War II

and that he incurred a neurosis as the result of his service and that he was receiving treatment, medication, and a 10% disability benefit from the Veterans Administration.

There was further evidence tending to show that on January 13, 1972 the defendant filed a claim for Workmen's Compensation benefits stating the nature of his injury to be "Traumatic Neurosis" incurred upon the Woburn premises of his employer, General Foods Corporation on April 1, 1971 when he was burned by a steam hose.

Initially, the plaintiff's industrial accident insurer, American Motorists Insurance Company, refused to accept this claim as the plaintiff denied that the defendant had received a personal injury arising out of and in the course of his employment and Workmen's Compensation benefits were not paid to him. However, eventually, on December 14, 1972, the defendant entered into an Agreement for Redeeming Liability by Lump Sum Under G.L. c. 152, §48 (on a Division of Industrial Accident form) with the insurer in the amount of $12,500.00, out of which he received $10,000.00 and his counsel Melvin Levine, Esq., $2,500.00.

The Lump Sum Agreement under the section captioned: "Give Brief History And Reasons Settlement Is In The Employee's Best Interest" contained the following language:

"Liability assumed and compensation paid for steam burns resulting from incident of April 27, 1971.

Employee returned to regular job from May 17, 1971 to August 1, 1971, the annual vacation period.

Then alleged total disability August 1, 1971 to date and continuing for alleged traumatic neurosis due to effect of the burn injury. Attached medical record would indicate said neurosis non-industrial as it has existed for many years and is service connected disability from World War II.

Because of issue of relationship of alleged disability parties agreed upon lump sum disposition."

The Lump Sum Agreement also stated over the defendant's signature that the defendant had received the said sum of $12,500.00 "in redemption of the liability for all weekly payments now or in the future due me under the Workmen's Compensation Act for all injuries received by Angelo Roberto on or about April 27, 1971 while in the employ of General Foods Corporation subject to the approval of the Division of Industrial Accidents."

Also, over the claimant's signature upon the Lump Sum Agreement appeared the language "I further understand that this is a complete and final settlement of my claim and that I will not be able to re-open my claim or seek further benefits because of this injury. I am fully satisfied with this settlement."

In the plaintiff's Non-Occupational Accident and Sickness Disability Plan which states that benefits provided by the Plan are entirely at the company's expense defining "Disability" it is provided that: "Disability" means the inability or incapacity to perform regular work assignments, resulting from sickness or accident not arising from or in any way related to the course of employment. Any disability arising out of or in the course of employment, which is compensable under the Workmen's Compensation law of the state in which the employee is employed is not a disability under this Plan."

There is also a provision in said Plan that "(a)ny employee who receives payment by mistake or otherwise, for which he is not eligible under this Plan, is to repay the company the full amount of such payment."

The defendant filed some 13 requests for rulings nearly all of which appear to be directed to findings of fact, and all of which were denied by the trial

justice as being rendered immaterial by his findings of fact. The defendant claims to be aggrieved by such denials.

The trial justice found: The defendant was an hourly employee of the plaintiff and had been given a leaflet called a Benefit Book which summarized the Non-Occupational Accident and Sickness Disability Plan which the plaintiff maintained for hourly employees.

The defendant was paid sick leave benefits from August 2, 1971 to December 12, 1971 pursuant to the provisions of the Plan but the defendant made claim for Workmen's Compensation for work related disability commencing on April 27, 1971 through at least December 13, 1971 and the defendant received Workmen's Compensation benefits based upon a work related disability during said period. In addition to weekly payments totally $990.00 the defendant received the lump sum of $12,500.00 under Workmen's Compensation.

The justice ruled that the defendant in accepting benefits under the Plan is bound by the terms and conditions of such Plan to which employees of the plaintiff make no contribution and that the defendant is not entitled to receive benefits under both Workmen's Compensation for occupational disability and under the plaintiff's Non-Occupational Accident and Sickness Disability Plan for the same period of time.

Accordingly, he ruled that the defendant should reimburse the plaintiff for the monies advanced to the defendant by the plaintiff under its Plan.

We find no error. The trial justice's findings are amply supported by evidence reported and reasonable inferences that may be drawn therefrom. In spite of the language that appears on the Lump Sum Agreement to the effect that the defendant's neurosis may have been non-industrial and connected with his military service, there is no other language in the agree-

ment appearing over the defendant's signature to the effect that he was accepting his lump sum settlement of $12,500.00 in redemption of the liability for all weekly payments due him at the date of the Agreement or in the future for injuries sustained on April 27, 1971 while in the employ of the plaintiff.

The defendant obviously cannot have it both ways. He can not simultaneously claim the injury to be industrial for Workmen's Compensation purposes and non-industrial for purposes of the plaintiff's Non-Occupational Benefit Plan.

There are requests for rulings of the defendant which are not directed to simple findings of fact. They are to the effect that the evidence and law (a) warrants, and (b) requires a finding in his favor. Though such a finding may be warranted the justice's ruling that his findings of fact render the request immaterial is correct. His denial of the request to require him to find for the defendant is also the proper ruling in view of the summary of the evidence, including the exhibits incorporated into his report, upon which he based his findings of fact.

The only other request of the defendant directed to a ruling of law is a request to rule that the defendant was not bound by the repayment provisions of the plaintiff's disability program. The justice's denial of this request is amply supported by his ruling that the defendant in accepting benefits under the plaintiff's Plan was bound by the terms and conditions of the Plan to which he made no contribution.

*Gould's Case,* 355 Mass. 66 (1968) cited by the defendant is inapposite. The court in that matter held that payments made by an employer under a voluntary, non-contributory benefit plan may not be credited against compensation payments, even if the terms of the plan provide for reimbursement if the disability is later adjudged compensable. (See also, *Lawrence Locke on Workmen's Compensation,* 29 Massachusetts Practice Series, §612).

In the case at bar, the plaintiff is not seeking a credit against Workmen's Compensation before the Industrial Accident Board, as was the situation in *Gould's Case.* In that case the employer's disability plan covered absences due to industrial, as well as non-industrial causes whereas in the present situation the employer plaintiff paid the employee defendant for a non-industrial disability for which the defendant also collected compensation as an industrial disability. In addition to his right to recover under the terms of the Plan, fairness and equity require the return of the plaintiff's money.

**Report dismissed.**